IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOCCO D. BAILEY,

    **Plaintiff,**

    v.                                    CASE NO. 5:16-3201-SAC-DJW

SHAWNEE COUNTY JAIL, ET AL.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a pretrial detainee confined at the Shawnee County Jail in Topeka, Kansas.[1] Plaintiff proceeds pro se and in forma pauperis in this matter.[2] This matter comes before the court on Plaintiff's Motion to Appoint Counsel (Doc. 3), Motion for Preliminary Injunction (Doc. 4), and Motion for Default Judgment (Doc. 11).

Plaintiff alleges in Count I that defendant Andrews violated the Eighth or Fourteenth Amendment of the constitution by failing to protect plaintiff. Specifically, plaintiff alleges that Andrews unlocked plaintiff's cell at the request of inmate trustee Christopher Goodwin, who told Andrews he wanted to "'fuck up' whoever keeps throwing dirty socks on the day-room floor." Plaintiff alleges that Goodwin then assaulted him. Plaintiff alleges in Count II that the remaining defendants violated the constitution by creating and perpetuating unconstitutional policies or

---

[1] Plaintiff has since notified the court of his transfer to the Hutchinson Correctional Facility in Hutchinson, Kansas, Kansas.

[2] Plaintiff submitted the initial partial filing fee as directed by the court. Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is housed will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. *See* 28 U.S.C. § 1915(b). Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

1

customs and by failing to adequately train staff, who, as a result, allowed inmate trustees to deprive detainees of their rights under the Fifth, Eighth, and Fourteenth amendments of the constitution by illegally entering cells, enforcing the dress code, and denying food trays. Plaintiff contends that this culture directly caused defendant Andrews to fail to protect plaintiff from foreseeable harm.

## Motion to Appoint Counsel

Plaintiff asks this court to appoint counsel under 28 U.S.C. 1915(e)(1). Generally, no constitutional right to the appointment of counsel exists in a civil matter. The court has discretion, however, to request counsel for an indigent party, but when exercising this discretion must consider a variety of factors including the merits of the case, the legal and factual issues involved, and the party's ability to present the claims. *Long v. Shillinger,* 927 F.2d 525, 527 (10th Cir. 1991). Having examined the record and the claims plaintiff asserts, the court declines to appoint counsel at this time.

## Motion for Preliminary Injunction

Under Fed. R. Civ. P. 65, plaintiff seeks a preliminary injunction requiring various actions of defendants. Specifically, plaintiff asks for an injunction that requires defendants to stop compelling inmate trustees to (1) punish detainees by denying food; and (2) enforce laundry policy by conducting room searches.

To obtain a preliminary injunction, plaintiff must demonstrate (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that the injunction is in the public interest. *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir. 2010). The movant must also show a relationship between the injury claimed in the motion and the conduct alleged in the complaint. *Id.* Finally, a mandatory preliminary injunction, which requires the non-moving party to take affirmative action such as that sought by plaintiff here, is disfavored as an "extraordinary remedy". *Id.* Plaintiff must therefore make a heightened showing of the four

2

factors. *Id.* Plaintiff fails to satisfy these requirements.

In particular, plaintiff has not shown a likelihood of success on the merits, because he does not demonstrate that he has exhausted administrative remedies on this claim. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). Because the record contains no evidence that plaintiff has exhausted administrative remedies on this claim, he has not made a heightened showing of substantial likelihood of success on the merits. Plaintiff's motion for preliminary injunction is therefore denied.

## Motion for Default Judgment

Because plaintiff's complaint is subject to screening under 28 U.S.C. § 1915A, it has not yet been served upon defendant and the motion for default judgment is therefore premature. Plaintiff's motion for default judgment is therefore denied.

## Screening Under 28 U.S.C. § 1915A

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.

1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having considered plaintiff's allegations, the court finds that Count II is subject to summary dismissal because the record contains no evidence that plaintiff has exhausted administrative remedies on this claim. As noted above, 42 U.S.C. § 1997e(a) requires a prisoner to exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court. The exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry*, 331 F.3d at 1167 n. 5; *Little*, 607 F.3d at 1249. The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, the court finds that Count II of plaintiff's complaint is subject to dismissal without prejudice based on his failure to exhaust available administrative remedies before filing this action.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why Count II of plaintiff's complaint should not be dismissed for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Appoint Counsel (Doc. 3) is hereby denied.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Preliminary Injunction (Doc. 4) is hereby denied.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Default Judgment (Doc. 11)

is hereby denied.

**IT IS SO ORDERED.**

DATED: This 20th day of September 2017, at Kansas City, Kansas.

 s/ David J. Waxse_____
DAVID J. WAXSE
U.S. Magistrate Judge