# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOCCO D. BAILEY,

    **Plaintiff,**

    v.                                    CASE NO. 5:16-3201-SAC-DJW

SHAWNEE COUNTY JAIL, ET AL.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a pretrial detainee formerly confined at the Shawnee County Jail in Topeka, Kansas.[1] Plaintiff proceeds pro se and in forma pauperis in this matter.[2] As defendants, plaintiff names the Shawnee County Jail as well as Shawnee County Jail correctional officer (fnu) Andrews, Captain Joe Rucker, Major Timothy Phelps, and Director Brian Cole. In Count I, plaintiff alleges that defendant Andrews violated the Eighth or Fourteenth Amendment of the constitution by failing to protect plaintiff from being assaulted by another inmate. Specifically, plaintiff alleges that Andrews unlocked plaintiff's cell at the request of inmate trustee Christopher Goodwin, who told Andrews he wanted to "'fuck up' whoever keeps throwing dirty socks on the day-room floor." Plaintiff alleges that Goodwin then assaulted him. In Count II, plaintiff alleges that the remaining defendants violated the constitution by creating and perpetuating unconstitutional policies or customs and by failing to adequately train staff, who, as a result, allowed inmate trustees to deprive

---

[1] Plaintiff has since notified the court of his transfer to the Hutchinson Correctional Facility in Hutchinson, Kansas, Kansas.

[2] Plaintiff submitted the initial partial filing fee as directed by the court. Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is located is directed to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. *See* 28 U.S.C. § 1915(b). The court reminds plaintiff to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

detainees of their rights under the Fifth, Eighth, and Fourteenth amendments of the constitution by illegally entering cells, enforcing the dress code, and denying food trays. Plaintiff contends that this culture directly caused defendant Andrews to fail to protect plaintiff from foreseeable harm.

On September 20, 2017, the court entered an order requiring plaintiff to show cause why Count II of the complaint should not be dismissed for failure to exhaust administrative remedies. On October 3, 2017, plaintiff filed a timely response. In his response, plaintiff argues that various exhibits demonstrate exhaustion. First, plaintiff points out that attachment 1 to the initial complaint (Doc. 1) is a copy of the internal grievance he filed. He argues that the grievance identified two separate parties: defendant Andrews, as well as "Shawnee County Jail's Commanding Officers/Shawnee County Jail", and points to the following statement in the grievance as evidence of exhaustion: that "Shawnee County Jail's Commanding Officers/Shawnee County Jail's negligents [sic] directly caused/allowed me to be attacked and injured." Second, plaintiff points to the affidavit of Jordan Seymour, which was attached as an exhibit to plaintiff's initial complaint. In the affidavit, Mr. Seymour, who identifies himself as a witness to the alleged assault, states that he has witnessed trustees search cells for extra laundry on laundry days, enter cells to spray cleaning chemicals, and deny food to inmates "who did not have their top button buttoned up." Mr. Seymour further attests that "both I and others have wrote [sic] the shift supervisor complaining about this multiple times." Third, plaintiff points to attachments 2-18 of the initial complaint, which he identifies as correspondence with the Shawnee County Jail's commanding officers in which he attempted to "resolve his complaints" informally.

The court has reviewed these exhibits as well as the remaining record and simply cannot agree that plaintiff has exhausted administrative remedies with regard to Count II. Nowhere in the 35 pages of grievances and correspondence between plaintiff and Shawnee County Jail staff did plaintiff complain about any policies or customs regarding inmate trustees or allege that they illegally entered cells, enforced the dress code, or denied food trays (and plaintiff does not argue as much in his response). Instead, the grievances address the assault and resulting injuries and medical expenses and, to a lesser extent, a complaint that a corrections officer named Herrick

refused to change the TV channel for plaintiff because he is black (which is not at issue in this lawsuit). While one grievance conclusorily alleges that the jail and unnamed commanding officers negligently caused plaintiff's attack and injury, the court cannot find this single allegation of negligence sufficient to deem exhausted the alleged constitutional violation claimed in Count II.[3] Additionally, though Mr. Seymour attests that he "and others" saw and complained about inmate trustees entering cells and denying food trays, his affidavit is silent about whether, or the extent to which, plaintiff similarly complained. The affidavit is therefore irrelevant to the issue of plaintiff's efforts to exhaust administrative remedies.

Finally, the court notes that plaintiff stated in his grievances numerous times that he was following proper administrative procedures so that he would later be able to pursue court action. The absence from these grievances of any allegations about policies or customs regarding the conduct of inmate trustees thus belies plaintiff's contention that he exhausted – or attempted to exhaust – administrative remedies on this issue. Plaintiff has provided no additional evidence or argument to suggest otherwise, despite the court affording him the opportunity to do so under *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, the court concludes that plaintiff has not exhausted administrative remedies and therefore dismisses Count II without prejudice.

With respect to Count I, the court finds that proper processing cannot be achieved without additional information from appropriate officials at the Shawnee County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED:**

(1) The clerk of the court shall prepare waiver of service forms for defendant Andrews pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to

---

[3] A negligent act does not violate the United States Constitution and is therefore not a deprivation of rights under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 332 (1986).

plaintiff absent a finding by the court that plaintiff is able to pay such costs. Answers or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of this order.

(2) Officials responsible for the operation of the Shawnee County Jail are directed to undertake a review of the subject matter of the complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

    c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4) Authorization is granted to the officials of the Shawnee County Jail to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

Copies of this order shall be transmitted to the parties, the Finance Office of the facility where plaintiff is incarcerated, and the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED THAT** Count II of the complaint is hereby dismissed.

**IT IS SO ORDERED.**

DATED:   This 20th day of October, 2017, at Kansas City, Kansas.

>   **s/Sam A. Crow**
>   **U. S. Senior District Judge**